UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

HORIZON LINES, L.L.C., :

        Plaintiff, : Civil Action No.: 05-4895

        v. :

ACCESS TRANSPORTATION AND LOGISTICS, CO., :
A/K/A ACCESS TRANSPORTATION AND LOGISTICS.   Hon. WILLIAM J. MARTINI,
INC. ANTHEM EXPRESS WORLD TRANSPORT, INC :   U.S. D.J.
A/K/A ANTHEM EXPRESS, INC.; COLGATE
PALMOLIVE CO., COLGATE ORAL :
PHARMACEUTICALS, INC., FULLER BRUSH   REPORT AND
COMPANY, RUBBERMAID, INC., GENERAL :   RECOMMENDATION
WAREHOUSE CORP., APL LOGISTICS, ALLIANCE
DISPLAY AND PACKAGING COMPANY, ELECTRO :
BIOLOGY, INC. AND HEALTHSTAR, INC. NJ,
         :

        Defendants. :

_____:

## INTRODUCTION

This matter comes before me on the motion of Access Transportation and Logistics, Inc. and Anthem World Transport, Inc. de Puerto Rico ("Defendants") to vacate the default entered on December 12, 2005. I have considered the papers submitted in support and in opposition to the motion. There was no oral argument. Rule 78.

## DISCUSSION

Rule 55(c) permits the court to set aside an entry of default if good cause is shown. The decision to set aside a default is left to the discretion of the court. See, e.g., Spica v. Garczynski, 78 F.R.D. 134, 135 (E.D. Pa. 1978). In determining whether to set aside an entry of default, the

court must consider four factors in exercising its discretion: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced if the default is vacated; (3) whether the default was the result of the defendant's culpable conduct; and (4) whether alternative sanctions would be effective.  See, e.g., Emcasco Ins. Co. V. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656 (3d Cir. 1982).

Defendants allege facts that, if established, would constitute a meritorious defense to this action.  A meritorious defense is demonstrated when the allegations of a defendant, if established at trial, would constitute a complete defense.  See United States v. $55, 518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

Prejudice may be found when setting aside the default would hinder a plaintiff's ability to pursue his case through the loss of evidence, increased potential for fraud, or substantial reliance on the default.  CGB Occupational Therapy, Inc., 2001 WL 253745 at 5 (E.D. Pa. 2001).  Here, there is no evidence of prejudice.

Plaintiff argues that defendants have chosen to "manipulate" this litigation in an unnecessary delay.  Examples of culpable misconduct include failing to respond to a complaint willfully, in bad faith, or as part of trial strategy.  CGB Occupational Therapy, Inc., 2001 WL 253745, * 5 (E.D. Pa. March 9, 2001).  Defendants argue that an answer was not timely filed because they were still collecting and reviewing necessary documents.  I am not persuaded that defendants' failure to timely respond to the Complaint was culpable misconduct.

## **CONCLUSION**

For the reasons set forth above, I recommend that Access Transportation and Logistics, Inc. and Anthem World Transport, Inc. de Puerto Ricos' motion to vacate default and default judgment be GRANTED.

Pursuant to <u>Local Civil Rule</u> 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

<u>s/ Ronald J. Hedges</u>
UNITED STATES MAGISTRATE JUDGE

cc: Hon. William J. Martini, U.S.D.C.